NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1510
_____

UNITED STATES OF AMERICA

v.

MAURICE THOMAS,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-11-cr-00618-003)
District Judge: Honorable Cynthia M. Rufe
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 2, 2024

Before: KRAUSE, PORTER, and CHUNG, *Circuit Judges*

(Filed: March 4, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

KRAUSE, *Circuit Judge*.

Maurice Thomas appeals his new sentence, imposed by the District Court in 2023, which mirrors his 2013 sentence despite (1) his purported rehabilitation in prison; and (2) the vacatur of his § 924(c)(1) conviction. Thomas's counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), and 3d Cir. L.A.R. 109.2, asserting that there are no non-frivolous grounds for appeal. The Government concurs. Because we also perceive no non-frivolous issues, we will grant counsel's motion and affirm.

## I. BACKGROUND

After a violent home invasion in which Thomas held a naked man and his pregnant girlfriend at gunpoint, Thomas pleaded guilty to three charges: conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), attempted Hobbs Act robbery in violation of 18 U.S.C. §§ 2 and 1951(a), and carrying and using a firearm in connection with a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c)(1). The District Court sentenced Thomas to 120 months in prison, varying upward from the Guidelines recommendation of 97 to 106 months to account for the "serious" nature of Thomas's crimes. App. 185. Thomas did not appeal.

While serving his sentence, Thomas showed good behavior, took professional-development and life-skills courses, and earned his GED. Save for two minor disciplinary infractions, Thomas was by all accounts a model inmate.

In 2022, after the Supreme Court held that attempted Hobbs Act robbery is not a "crime of violence" as defined in 18 U.S.C. § 924(c)(3)(A), *United States v. Taylor*, 142 S. Ct. 2015, 2019, 2025–26 (2022), the District Court vacated Thomas's § 924(c)(1)

conviction and ordered resentencing on the remaining two counts. In 2023 the District Court reimposed the 120-month prison sentence, again varying upward—this time from a Guidelines recommendation of 70 to 87 months—based on the "serious violence of . . . [t]he acts here." App. 268. Thomas now appeals that sentence.

## II. DISCUSSION[1]

Counsel's filing of an *Anders* brief requires us to determine "(1) whether [that brief] fulfills the requirements of [3d Cir.] L.A.R. 109.2(a); and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022). Here, we answer the first question in the affirmative and the second in the negative.

### A. The Adequacy of Counsel's *Anders* Brief

An *Anders* brief is adequate under L.A.R. 109.2(a) if it "(1) demonstrates to this Court that [counsel] has thoroughly examined the record in search of appealable issues, and (2) explains why those issues are frivolous." *Id.* Counsel's brief here meets these requirements: It reflects a good-faith, conscientious examination of the District Court record, includes a completed *Anders* checklist, and explains why the arguments Thomas could raise on appeal lack merit.[2]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review the District Court's sentence for abuse of discretion, assessing both substantive and procedural reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). We review those issues not raised before the District Court for plain error. *United States v. Brito*, 979 F.3d 185, 190 (3d Cir. 2020).

[2] Although the *Anders* brief "sketches a potential objection," noting that the District Court could have given greater weight to Thomas's rehabilitation, that objection "merely represents counsel's best effort to conjure an issue that Thomas might present." Gov't

## B.    Our Independent Review of the Record

Given the adequacy of the *Anders* brief, "we may limit our review of the record to the issues counsel raised," *id.*, all of which relate to the reasonableness of Thomas's sentence.  Our review confirms that Thomas's new sentence is neither procedurally nor substantively unreasonable.

### 1.    Procedural Reasonableness

The District Court did not err procedurally when it resentenced Thomas to 120 months in prison.[3]  The Court used the correct guidelines range; it meaningfully considered the factors in 18 U.S.C. § 3553(a), including the nature of the offense, the need for the sentence imposed, and the need to provide restitution to the victims; and it provided a thorough explanation regarding its upward variance and its reimposition of Thomas's original sentence.

No argument in Thomas's pro se brief compels the opposite conclusion.  Thomas contends that the District Court erred when it (1) did not give "due and proper weight" to his rehabilitation; (2) imposed a larger upward variance on resentencing than at initial sentencing; and (3) changed the terms on his Hobbs Act counts from 60 months (concurrent) to 120 months (concurrent).  Pro Se Br. 3.  But the District Court did

---

Br. 14.  Counsel "clearly states that the [Court] did consider the rehabilitation issue," and he explains why handing down the same sentence despite Thomas's rehabilitation was not unreasonable.  *Id.*

[3] A district court commits procedural error by, for example, "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  *Gall*, 552 U.S. at 51.

consider Thomas's rehabilitation, ultimately finding that it was outweighed by the aggravating factors in the case. And the Court explained why the original punishment fit the crimes—with or without § 924(c)(1)—justifying both the new variance and the new terms. Regardless, given Thomas's failure to raise these (or other procedural) objections at resentencing, we would review only for plain error, and Thomas has not met that high standard. *See United States v. Olano*, 507 U.S. 725, 734–36 (1993) (requiring a defendant to show, among other things, that the error was prejudicial and that failure to correct it would affect "the fairness, integrity[,] or public reputation of judicial proceedings" (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).

## 2. Substantive Reasonableness

A sentence is substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Given the severity of Thomas's crimes, the lasting psychological harm to the victims, and the other factors considered by the District Court, we cannot say that this high bar is met. A reasonable court, under the totality of the circumstances, could have viewed Thomas's original sentence as appropriate and decided to reimpose it, so the fact that Thomas received the same sentence with one fewer count, or that the District Court failed to give rehabilitation more weight, does not render the sentence unreasonable per se. *See id.* at 567; *United States v. Bungar*, 478 F.3d 540, 545–46 (3d Cir. 2007).

Guided by counsel's *Anders* brief, and independently finding no abuse of the District Court's sentencing discretion, we will affirm.

5

## III.    CONCLUSION

For the foregoing reasons, we will affirm the judgment of the District Court.  In view of this disposition, counsel's motion to withdraw is granted.[4]

---

[4] In accordance with 3d Cir. L.A.R. 109.2(b), we state that the issues presented here lack legal merit, and so Thomas's counsel is not required to file a petition for writ of certiorari with the Supreme Court.